## ALTMAN FURNITURE CO., Plaintiff-Appellant, v. SCARSO, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23189. Decided October 27, 1954.

Herman Fishman. Cleveland, for plaintiff-appellant.
Frank Mancino, Cleveland, for defendant-appellee.

(DOYLE, PJ, STEVENS, J, HUNSICKER, J, of the 9th District sitting by designation in the 8th District.)

## OPINION

By DOYLE, PJ.

The Altman Furniture Company sued Carmelo Scarso for the balance due on a promissory note given by her to the furniture company in payment for a cooking stove and other articles of merchandise.

The defendant Scarso, denied the balance due and further pleaded in substance that when she purchased the stove she was "given a warranty and a one-year guaranty;" that at the time of delivery and installation the stove was defective, unsafe and dangerous to anyone using it for the purpose for which it was furnished; that the plaintiff company was immediately notified of the unsafe and dangerous condition of the appliance by the defendant purchaser and was requested "to comply with the terms of the warranty and guaranty and to either replace the stove or to place it in a good, safe and workmanlike condition, so that it could be safely and efficiently used for the purpose for which it was manufactured and sold, but that the plaintiff has failed and refused to do so."

The pleading of the defendant further stated that the actual market value of the stove at the time of the purchase was $236.85, but that due to its defective condition and its unfitness for the purpose for which it was sold, it was reasonably worth but $100.00. Prayer was made for the difference, to-wit, $136.85 in damages.

Pursuant to trial to the court, judgment was entered for the defendant in the sum of $44.00. From this judgment, appeal was made to this court by the plaintiff and the following errors assigned:

(1) The judgment is manifestly against the weight of the evidence.

(2) Errors of law on the question of waiver.

It appears from the scant narrative bill of exceptions and the admissions in the pleadings that the cooking stove was purchased with a partial payment on Dec. 11, 1950, and was delivered and installed January 18. 1951; soon thereafter the defendant purchaser was injured as a result (according to her testimony) of its defective condition; immediate notice was given to the seller and a request made that compliance be made with the terms of the warranty or that the stove be replaced. Thereafter the defendant negotiated with the plaintiff for the purchase of other articles of merchandise and in payment thereof executed her promissory note for an amount equal to the cost of the new purchase and the balance due on the sale price of the stove. This purchase was made and the new note executed on March 9, 1951, several weeks after the defendant's discovery of the defects in the stove.

It is claimed that this conduct of defendant amounts to a waiver of the claimed breach of warranty and an accord and satisfaction.

It is the rule in this state under factual situation such as is presented in this case, that the retention of goods and the payment of the purchase price, or the giving of a promissory note for the purchase price with knowledge of a breach of warranty, does not as a matter of law bar an action for the breach. Whether or not the purchaser by giving the price or the giving of notes therefor waives his right to damages is a question of fact for the determination of the trier of the facts.

See: **35 O. Jur., 913, parag. 716; Metal Forms Corp. v. Clemens, 39 Oh Ap 324;** Herbrand Co. v. Lackawanna Steel, 250 Fed. 11; **Secs. 1315.16, 1315.50 and 1315.70 R. C.**

In the case under review, we indulge the presumption that the trial court understood the law of waiver and in consideration thereof determined that the purchaser by her conduct had not waived her right to claim a breach. And we do not find that such conclusion is manifestly against the weight of the evidence.

In further consideration of the record before us, we cannot say that the judgment rendered is manifestly against the weight of the evidence or that errors of law appear which are prejudicial to the rights of the seller.

As stated before, the bill of exceptions is in narrative form and it is difficult, if not almost impossible. to obtain a clear picture of the trial and the exact evidence introduced. However, it is incumbent upon the appellant to demonstrate prejudicial error and from the record before us we cannot say that it is established. We draw attention to an unfortunate statement by the trial judge through which it is claimed by the appellant that extraneous evidence was considered by the court in his determination of the issues. In considering this claim we do not find the fact established. We indulge again the presumption that the court understood and followed the rules of evidence.

The judgment will be affirmed. Exceptions noted. Order see journal.

HUNSICKER, J, STEVENS, J, concur.